UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUES VARNEY, | No. 2:24-cv-01429-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| AMAZON.COM SERVICES, LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiff Jacques Varney's ("Plaintiff") Motion for Administrative Relief. (ECF No. 9.) Defendant Amazon.com Services, LLC ("Defendant") filed an opposition. (ECF No. 10.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

On June 4, 2024, the Court issued the operative Initial Pretrial Scheduling Order (the "Scheduling Order"), which set deadlines moving forward. (ECF No. 6.) In relevant part, the Scheduling Order states fact discovery would close no later than 365 days from the date upon which the last answer may be filed with the Court. (*Id.* at 2.)

On July 28, 2025, Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure ("Rule") 16,[1] requesting the Court reopen fact discovery and reset the deadline to

---
[1] Plaintiff also bases his motion on Rule 6(b)(1)(B). (ECF No. 9 at 2.) Rule 6(b) permits a court to grant an extension of time, after a deadline has expired, for good cause and "based on a

1

1  October 1, 2025, to allow Plaintiff to conduct depositions of fact witnesses and propound written
2  discovery.  (ECF No. 9.)
3       The Scheduling Order states, pursuant to Rule 16(b), the Scheduling Order "shall not be
4  modified except by leave of court upon a showing of good cause."  (ECF No. 6 at 6.)  The "good
5  cause" standard primarily considers the diligence of the party seeking the modification.  *Johnson*
6  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotations
7  omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a
8  grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the
9  modification might supply additional reasons to deny a motion, the focus of the inquiry is upon
10  the moving party's reasons for seeking modification."  *Id.*  "If that party was not diligent, the
11  inquiry should end."  *Id.*
12       Plaintiff fails to persuade the Court that he has been diligent.  Plaintiff asserts "[d]ue to a
13  calendaring error, Plaintiff was unaware of the discovery cutoff having passed until recently when
14  preparing to send out discovery, and not due to intentional delay."  (ECF No. 9 at 2.)  Plaintiff
15  argues he has demonstrated diligence by attempting to correct the error as soon as it was
16  identified by filing the instant motion.  (*Id.* at 5.)  However, as Defendant points out, Plaintiff did
17  not file the instant motion until July 28, 2025 — forty-four (44) days after Defendant's
18  June 4, 2025 email to Plaintiff notifying him the fact discovery deadline had passed.  (ECF No.
19  10-4 at 2.)  Further, Plaintiff fails to explain why he did not conduct any discovery in the year
20  provided for fact discovery in the Scheduling Order.
21       In sum, the Court concludes Plaintiff was not diligent.  Therefore, the Court DENIES
22  Plaintiff's Motion for Administrative Relief.  (ECF No. 9.)  The parties are ORDERED to file a
23  Joint Status Report not later than thirty (30) days from the electronic filing date of this Order
24  indicating their readiness to proceed to trial and proposing trial dates.
25  //
26

---

27  showing of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Because the Court concludes Plaintiff
   cannot meet the "good cause" standard, it does not address the arguments raised by the parties
28  with respect to excusable neglect.

IT IS SO ORDERED.

Date: August 27, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE